UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUCILLE DEANS,

    Plaintiff,

v.

LONG BEACH MORTGAGE CO.,
WASHINGTON MUTUTAL and
AIM FINANCIAL, INC.,

    Defendants.        /

Case No. 1:07-CV-205

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Plaintiff Lucille Deans' Ex Parte Motion for Temporary Restraining Order to enjoin the foreclosure of the Sheriff's sale of her house pursuant to Federal Rule of Civil Procedure 65(b). Plaintiff requested expedited consideration of the Motion as the Sheriff's sale is to be held on March 14, 2007.

**I.    BACKGROUND**

Plaintiff's action alleges violations of the Truth in Lending Act ("TILA"), 15 U.S.C § 1601 *et seq.*; the Real Estate and Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*; Credit Repair Organizations Act, 15 U.S.C. § 1679 *et seq.*; and various state law claims and seeks rescission of the mortgage as well as monetary relief.

Plaintiff, who has owned her home since 1967, was contacted by Defendant AIM Financial, Inc. regarding the possibility of refinancing her mortgage. Plaintiff alleges she was led to believe AIM could give her a lower interest rate and monthly payment while paying off her mortgage and other debts. Plaintiff asserts she relied upon a Good Faith Estimate she was provided which were not the terms she was eventually offered. Plaintiff closed on or about April 24, 2006. Plaintiff alleges she did not receive the closing documents prior to the closing date and was rushed through

signing the documents. Plaintiff did not realize that her new mortgage differed from the Good Faith Estimate in that it was an adjustable rate mortgage, rather than fixed, and it also left Plaintiff with much higher monthly payments than had been previously represented. Further, Plaintiff later realized the application she signed inflated her income. After closing, Plaintiff was provided with a copy of TILA's "Notice of Right to Cancel" which stated she had three days to cancel the transaction. However, the notice was lacking the pertinent dates.

On January 31, 2007, Plaintiff, through counsel, sent a letter to Defendants Long Beach Mortgage Company (the company which originated the loan) and Washington Mutual (the Company which took assignment of the mortgage loan) notifying them she was rescinding the loan. Neither Defendant responded to this letter and have initiated non-judicial foreclosure proceedings. Plaintiff's house is scheduled to be sold in a Sheriff's Sale on March 14, 2007.

**II.    LEGAL STANDARD**

In determining whether to issue a temporary restraining order under Federal Rule of Civil Procedure 65, the court must consider four factors:

> 1) Whether the plaintiff has shown a strong or substantial likelihood or probability of success on the merits;
> 2) Whether the plaintiff has shown irreparable injury;
> 3) Whether the issuance of a preliminary injunction would cause substantial harm to others; [and]
> 4) Whether the public interest would be served by issuing a preliminary injunction.

*N.A.A.C.P. v. City of Mansfield, Ohio*, 866 F.2d 162, 166 (6th Cir. 1989); *see also Jones v. City of Monroe, Mich.*, 341 F.3d 474, 476 (6th Cir. 2003); *United Food & Commercial Workers, Local 1099 v. Sw. Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998). Rule 65 also requires in pertinent part:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED. R. CIV. P. 65.

**III.   ANALYSIS**

Courts are counseled to make specific findings as to each factor, unless discussion of fewer factors will dispose of the issue. *G & V Lounge Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1076 (6th Cir. 1994). Faithful to Sixth Circuit precedent, the Court has determined the following.

**A.   Likelihood of Success on the Merits**

Plaintiff asserts she has a strong likelihood of success in this matter because she is likely to succeed in her attempt to rescind the loan. Section 1635 of the TILA "provides that the obligor has three days from the date of either the transaction or the delivery of the information and rescission forms required by that section and the enforcing regulations, whichever is later, to rescind the contract." *See Reynolds v. D&N Bank*, 792 F. Supp. 1035, 1037 (E.D. Mich. 1992); 15 U.S.C. § 1635(a). Under section 1635(a) the creditor also has a duty to "clearly and conspicuously disclose . . . to any obligor in the transaction subject to this section the rights of the obligor under this section." 15 U.S.C. § 1635(a). "The statute clearly indicates that creditors shall provide to obligors notice of their rights of rescission and the forms for which to exercise those rights, in the manner prescribed by the regulations of the Board." *Reynolds*, 792 F. Supp. at 1037.

The time period to rescind can be extended for up to three years when the creditor fails to provide the obligor with the appropriate disclosures or notice. 15 U.S.C. § 1635(f). The TILA

notice requirements, set forth in 12 C.F.R § 226.23, state that proper form of notice must include the date the rescission period expires. 12 C.F.R. § 226.23(d)(5). In the present action, Plaintiff asserts her notice did not include the date upon which her right to rescind would expire and has submitted a copy of the form which evidences this fact. (*See* Br., Ex. 1.) In *Reynolds*, a district court found:

> merely providing the date of transaction followed by the statement that "You may cancel this transaction, without penalty or obligation, within three (3) business days from the above date" does not comply with the regulation, particularly when the notice provides for the date to be entered on a separate line which is left blank.

*Reynolds*, 792 F. Supp. at 1038; *see also Semar v. Platte Valley Fed. Sav. & Loan Ass'n.*, 791 F.2d 699 (9th Cir. 1986); *Williamson v. Lafferty*, 698 F.2d 767 (5th Cir. 1983). In the present action, Plaintiff's notice is similarly devoid of the date of the transaction as well as the date upon which the right of rescission expired – both lines are left blank. Therefore, the Court finds that there is a likelihood of success on the merits on this issue.

B.   Irreparable Injury

It is clear that an irreparable injury will occur without a Temporary Restraining Order. First, the right to rescind the loan under TILA expires upon the voluntary or involuntary transfer of the property. 12 C.F.R. § 22.615(a)(3). Therefore, if the Sheriff's sale were to proceed, Plaintiff would have no chance in pursuing rescission of the loan. Further, if the sale is to proceed, not only will she lose ownership of her home, but Plaintiff asserts she will also likely be homeless. These factors weigh heavily in favor of issuing the temporary restraining order.

C.   Balance of Harms

The Court finds that upon balancing the harm at risk in this circumstance, the harm Plaintiff will suffer is greater than that which would be suffered by Defendants. Plaintiff risks the immediate

loss of ownership of her house, perhaps shelter, and also the loss of her right to rescission under TILA. Defendants, on the other hand, only risk a potential delay in the sale of the property in question. Therefore, the balance of harms also weighs in favor of issuing the temporary restraining order.

D.   The Public Interest

Finally, Plaintiff argues that the public has an interest in having an orderly administration of justice as to this transaction. Plaintiff also asserts the public policy favors the proper adjudication of predatory lenders and practices against homeowners. The Court agrees. Further, the Court also believes public policy favors the preservation of a legal right until such determination can be made on its merits.

E.   Bond

Pursuant to Rule 65, "no restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). In the present case, Plaintiff is proceeding *in forma pauperis* and has a fixed monthly income. The Court finds in light of Plaintiff's financial circumstance and likelihood of success, no bond shall be required. *See United States v. Leasehold Interest in Prop.*, 743 F. Supp. 505, 507 (E.D. Mich. 1990) (finding where Plaintiff proceeding *in forma pauperis* bond was waived accordingly.)

IV.   CONCLUSION

After evaluating the proper factors and finding Plaintiff's counsel has properly submitted an affidavit certifying that immediate and irreparable injury will result on March 14, 2007, before the

adverse party can be heard and detailing the efforts to give notice to the other party; the Court finds all factors weigh in favor of issuance of the Temporary Restraining Order, enjoining the scheduled Sheriff's sale of Plaintiff's residence. Therefore, bond is waived and a Temporary Restraining Order shall issue to preserve the *status quo* pending a hearing on the issue of whether a preliminary injunction should issue. A Temporary Restraining Order in accordance with this Opinion shall issue.

DATED in Kalamazoo, MI:         /s/ Richard Alan Enslen
   March 12, 2007                RICHARD ALAN ENSLEN
                                 SENIOR UNITED STATES DISTRICT JUDGE